**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

RANI ALLAN,

                    *Plaintiff,*

           v.

AVIDAN, ET AL.,

                    *Defendants.*

Civil Action No. 1:24-cv-01563-AJT-IDD

## MEMORANDUM OPINION AND ORDER

In this federal diversity action, where both parties are represented *pro se*, Defendants Daniel Nathan Gigi, and Shlomo Gigi, have moved to dismiss Plaintiff's Complaint, [Doc. No. 1] (the "Motion"). [Doc. No. 21]. Upon consideration of the Motion and Plaintiff's opposition thereto, [Doc. No. 26], and for the reasons stated herein, Defendants' Motion is **GRANTED**, and Plaintiff's claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

## I.    BACKGROUND

On July 5, 2023, Plaintiff Allan filed a civil action against Defendants Nathan Gigi and Shlomo Gigi, alleging five state law claims stemming from events in June and July of 2022 surrounding the return of Plaintiff Allan's $1,400 security deposit and a physical altercation that ensued among the parties: false arrest, malicious prosecution, unlawful eviction, conversion, and constructive fraud (the "2023 Action").[1] In the 2023 Action, Allan, Nathan Gigi, and Shlomo Gigi purportedly reached a settlement of the state law claims at a settlement conference with Magistrate

---

[1] *See* Amended Complaint, Doc. No. 5, *Allan v. Gigi et al.*, No. 1:23-cv-867 (E.D. Va. filed July 5, 2023). Allan also filed claims pursuant to 42 U.S.C. § 1983 for violations of the Fourth Amendment, Equal Protection Clause of the Fourteenth Amendment, Failure to Adequately Train or Support, and False Arrest, against Defendants Arlington County, and two police officers, which were dismissed by the Court pursuant to Federal Rule of Civil Procedure 12(b)(6). Order, Doc. No. 43, *Allan*, No. 1:23-cv-867.

Judge Davis.[2] Thereafter, Plaintiff Allan took the position that the settlement was only tentative, and he was no longer willing to accept the settlement terms.[3] Following a 90-day stay of proceedings to allow the parties to complete settlement negotiations, the Court dismissed Plaintiffs' state law claims without prejudice, finding that all federal claims having been dismissed, the Court would not exercise supplemental jurisdiction over the pendent claims.[4] The Court noted that this dismissal was "without prejudice to the parties' rights to enforce in any future judicial proceedings any settlement that may have been reached during the pendency of this case."[5] On April 17, 2024, Plaintiff Allan appealed the Court's dismissal of the federal claims to the Fourth Circuit Court of Appeals,[6] which the Fourth Circuit affirmed.[7]

On September 5, 2024, *pro se* Plaintiff Rani Allan filed this diversity action against Defendants Nathan Gigi and Shlomo Gigi, and Avidan LLC,[8] alleging the same five state claims that were asserted and dismissed in the 2023 Action.[9] [Doc. No. 1]. In response to the Complaint, *pro se* Defendants filed a Motion to Dismiss arguing, *inter alia*, that there is a binding settlement agreement between the parties from the 2023 action which bars these claims and that the Court lacks jurisdiction to decide this action given that the amount in controversy does not exceed $75,000, as is required in diversity suits. [Doc. No. 21] at 2–3. The Court ordered the parties to appear before Magistrate Judge Davis for a settlement conference, which took place on October

---

[2] Status Report, Doc. No. 59, *Allan*, No. 1:23-cv-867; Settlement Checklist/Term Sheet, Doc. No. 72, *Allan*, No. 1:23-cv-867.

[3] Status Report, Doc. No. 57, *Allan*, No. 1:23-cv-867.

[4] Order, Doc. No. 60, *Allan*, No. 1:23-cv-867; Order, Doc. No. 65, *Allan*, No. 1:23-cv-867.

[5] Order at 3 n.2, Doc. No. 60, *Allan*, No. 1:23-cv-867.

[6] Notice of Appeal, Doc. No. 66, *Allan*, No. 1:23-cv-867.

[7] Doc. No. 75, *Allan*, No. 1:23-cv-867.

[8] Plaintiff alleges that Avidan LLC owned the Apartment that was subject to a residential lease agreement that gave rise to Plaintiff's claim for the conversion of his security deposit. [Doc. No. 1] ¶¶ 9, 67–75.

[9] Avidan LLC was not named as a Defendant in the 2023 Action. Allan alleges that Avidan is owned by Schlomo Gigi until shortly after November 2022, and is the entity that Allan sent his rent payments to during the relevant period. [Doc. No. 1] ¶¶ 9, 14.

20, 2025, [Doc. No. 27]. The parties having failed to reach a settlement, the Court now considers Defendant's pending Motion to Dismiss, [Doc. No. 21].

## II.    DISCUSSION

The diversity statute requires complete diversity between the parties and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff, a former resident of Arlington, Virginia, currently resides in New York, and Defendants Avidan LLC, Nathan Gigi, and Schlomo Gigi, are all domiciled in Virginia. [Doc. No. 1] ¶¶ 8–10. Even assuming that Plaintiff's reference in his Complaint to his residence in New York City is sufficient to allege different citizenship from that of the Defendants to satisfy the requirement for complete diversity under 28 U.S.C. § 1332,[10] Plaintiff's Complaint still does not meet the statute's monetary threshold to establish subject matter jurisdiction.

"The sum claimed by the plaintiff controls the amount in controversy determination," *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010), however, "dismissal of a complaint is appropriate where it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Unitrin Auto & Home Ins. Co. v. Bastida*, 2009 WL 3591190, at *1 (W.D.N.C. Oct. 26, 2009) (internal quotations omitted). "[C]laims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined." *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983).

Here, the crux of Plaintiff's claims arise from Defendants' alleged failure to return Plaintiff's $1,400 security deposit and physical altercations that ensued between Plaintiff and Defendant Daniel Gigi during Plaintiff's move-out from his apartment in July 2022. [Doc. No. 1] ¶¶ 12–43. Even assuming that Plaintiff is entitled, as he alleges, to economic damages for lost

---

[10] *See Hollowell v. Hux*, 229 F. Supp. 50, 52 (E.D.N.C. 1964) ("[A] domicile is an individual's place of residence where he intends to remain permanently or indefinitely and to which he intends to return whenever he is away.").

wages, statutory damages for unlawful conviction, and emotional and mental pain and reputational damages, the total sum of these damages, as alleged by Plaintiff, amounts to less than $70,000, thereby falling short of the $75,000 amount required to sustain diversity jurisdiction.[11] Although Plaintiff further claims $50,000 in punitive damages, deficient from his Complaint is any plausible showing that Defendants acted with "fraud, malice, oppression, or other special motives of aggravation" to support such claims, as is required under Virginia law. *Xspedius Mgmt. Co. of Virginia, L.L.C. v. Stephan*, 269 Va. 421, 425 (2005) (As a general proposition, punitive damages are not appropriate absent "fraud, malice, oppression, or other special motives of aggravation"). And although Plaintiff further claims attorney's fees, these appear to relate to his representation in the 2023 action and are not recoverable in this action. In any event, "attorney's fees are not included in the amount in controversy calculation," absent a substantive right to their recovery under either a contract or statute. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013).

### III.    CONCLUSION

For the above reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Doc. No. 21) is GRANTED, and this matter is hereby DISMISSED without prejudice for lack of subject matter jurisdiction.

The Clerk is directed to forward a copy of this Order to the *pro se* parties.

Alexandria, Virginia
February 26, 2026

_____
Anthony J. Trenga
Senior U.S. District Judge

---

[11] Plaintiff alleges that he is entitled to $31,849.72 in economic damages, $5,600 in statutory damages, and $30,000 in emotional and mental pain and reputational damages, for a total of $ 67,449.72. *See* [Doc. No. 26]. Under the purported settlement reached in the first lawsuit, Plaintiff was to receive $4,500 in settlement of all his claims asserted in this action. *See* Settlement Checklist/Term Sheet, Doc. No. 72, *Allan*, No. 1:23-cv-867.